**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1) KAL DRILLING, INC., an Oklahoma corporation,

and

(2) KAL ENERGY & TRANSPORTATION SERVICES, INC., an Oklahoma corporation,

    Plaintiffs,

v.

(1) BANKERS PETROLEUM (US) INC., d/b/a BNK PETROLEUM (US) INC.,

and

(2) BANKERS PETROLEUM LTD., a corporation organized under the laws of British Columbia, Canada,

    Defendants.

Case No. CIV-09-_____

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Plaintiffs, KAL Drilling, Inc. ("KAL") and KAL Energy & Transportation Services, Inc. ("KAL E&T"), hereby file this as their Complaint against the Defendants, Bankers Petroleum (US) Inc., d/b/a BNK Petroleum (US) Inc. ("Bankers US") and Bankers Petroleum Ltd. ("Bankers Ltd."). In support hereof, Plaintiffs state the following:

# I. PARTIES

1.  KAL, an Oklahoma corporation, is an oil and gas well drilling contractor with its principal place of business in Oklahoma County, Oklahoma.

2.  KAL E&T, an Oklahoma corporation, is a transportation company engaged primarily in the transportation of oil and gas industry equipment with its principal place of business in Oklahoma County, Oklahoma.

3.  Upon information and belief, Bankers US is a corporation with its principal place of business in Camarillo, California, that is not registered to do business in the State of Oklahoma and is a wholly owned subsidiary of Bankers Ltd. Bankers US is engaged in the business of oil and gas exploration.

4.  Upon information and belief, Bankers Ltd. is a corporation organized under the laws of British Columbia, Canada, that is not registered to do business in the State of Oklahoma but maintains a principal place of business in Camarillo, California. Bankers Ltd. is engaged in the business of oil and gas exploration.

5.  Bankers Ltd., by or through Bankers US, is or was the operator of, and a working interest owner in, the following wells:

    a.  Allison #17-1H, located in Section 17, Township 4 South, Range 4 East, Johnston County, Oklahoma (the "Allison #17-1H well");

    b.  Eggenberg #7-1H, located in Section 7, Township 4 South, Range 5 East, Johnston County, Oklahoma (the "Eggenberg #7-1H well");

    c.  Gray #22-1H, located in Section 27, Township 4 South, Range 4 East, Johnston County, Oklahoma (the "Gray #22-1H well");

    d.    Wiggins #1-14, located in Section 14, Township 4 South, Range 3 East, Carter County, Oklahoma (the "Wiggins #1-14 well");

    e.    Wiggins #11-1H, located in Section 11, Township 4 South, Range 3 East, Carter County, Oklahoma (the "Wiggins #11-1H well");

    f.    WLC #13-1H, located in Section 10, Township 2 South, Range 4 East, Johnston County, Oklahoma (the "WLC #13-1H well").

## II. JURISDICTION/VENUE

6. Plaintiffs KAL and KAL E&T are both citizens of the state of Oklahoma. Defendants Bankers US and Bankers Ltd. are both citizens of the State of California. The action is therefore one between citizens of different states.

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction. This Court has personal jurisdiction over each party by virtue of the contacts with the State of Oklahoma.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the asserted claim occurred in this district. Further, each of the Drilling Contracts described below contain a venue selection clause identifying Oklahoma as the venue of any action between the parties that may arise from the Drilling Contracts.

## III.   FACTUAL BACKGROUND

1. On or about February 15, 2008, KAL, as "Contractor," and Bankers Ltd., as "Operator," entered into that certain International Association of Drilling Contractor's Drilling Bid Proposal and Day Work Drilling Contract – U.S., in connection with the drilling of the Dunn #2-1H well and two additional wells to be named later (the "Dunn Drilling Contract").  A true and correct copy of the Dunn Drilling Contract is attached hereto and marked as Exhibit 1.

2. Pursuant to the Dunn Drilling Contract, KAL agreed to provide certain services and materials that would be used in connection with the drilling of a total of three oil and gas wells, which, in addition to the Dunn #2-1H well, included the WLC #13-1H well.

3. KAL fully performed its contractual obligations to Bankers Ltd. under the Dunn Drilling Contract.  However, Bankers Ltd. failed and refused to pay KAL in full for its unpaid invoices for the drilling of the WLC #13-1H well.  To date, there remains due and owing to KAL from Bankers Ltd. the approximate sum of $1,260.45 for services performed and/or materials provided in connection with the WLC #13-1H well.   Copies of KAL's invoices for the WLC #13-1H well are attached hereto and marked as Exhibit 2.

4. On or about April 15, 2008, KAL, as "Contractor," and Bankers Ltd., as "Operator," entered into that certain International Association of Drilling Contractor's Drilling Bid Proposal and Day Work Drilling Contract – U.S., in connection with the drilling of an oil and gas well known as the Sapp #3-1H well and two additional wells to

be named later (the "Sapp Drilling Contract").  A true and correct copy of the Sapp Drilling Contract is attached hereto and marked as Exhibit 3.

5. Pursuant to the Sapp Drilling Contract, KAL agreed to provide certain services and materials that would be used in connection with the drilling of three oil and gas wells, which, in addition to the Sapp #3-1H well, included the Gray #22-1H well and the Eggenberg #7-1H well.

6. KAL fully performed its contractual obligations to Bankers Ltd. under the Sapp Drilling Contract.  However, Bankers Ltd. failed and refused to pay KAL in full for its unpaid invoices for the drilling of the Gray #22-1H and Eggenberg #7-1H wells.  To date, there remains due and owing to KAL from Bankers Ltd. the approximate sum of $7,935.87 for services performed and/or materials provided in connection with the Gray #22-1H well, and approximately $2,676.30 for services performed and/or materials provided in connection with the Eggenberg #7-1H well.  Copies of KAL's invoices for the Gray #22-1H well are attached hereto and marked as Exhibit 4.  Copies of KAL's invoices for the Eggenberg #7-1H well are attached hereto and marked as Exhibit 5.

7. On or about July 9, 2008, KAL, as "Contractor," and Bankers Ltd., as "Operator," entered into that certain International Association of Drilling Contractor's Drilling Bid Proposal and Day Work Drilling Contract – U.S., in connection with the drilling of the Allison #17-1H well (the "Allison Drilling Contract").  A true and correct copy of the Allison Drilling Contract is attached hereto and marked as Exhibit 6.

8. KAL fully performed its contractual obligations to Bankers Ltd. and completed the drilling of the Allison #17-1H well; however, Bankers Ltd. failed and

refused to pay KAL in full for its unpaid invoices for the drilling of the Allison #17-1H well.  To date, there remains due and owing to KAL from Bankers Ltd. the approximate sum of $582,078.32 for services performed and/or materials provided in connection with the Allison #17-1H well.   Copies of KAL's invoices for the Allison #17-1H well are attached hereto and marked as Exhibit 7.

9. On or about October 20, 2008, KAL, as "Contractor," and Bankers US, as "Operator," entered into that certain International Association of Drilling Contractor's Drilling Bid Proposal and Day Work Drilling Contract – U.S., in connection with the drilling of four additional oil and gas wells (the "Wiggins Drilling Contract").  A true and correct copy of the Wiggins Drilling Contract is attached hereto and marked as Exhibit 8.

10. The first well to be drilled under the Wiggins Drilling Contract was to be the Wiggins #1-14 well.  On or about October 17, 2008, KAL mobilized its Rig No. 6 and moved onto location at the Wiggins #1-14 well and prepared to commence drilling.  Pursuant to the Drilling Contract, KAL is entitled to a mobilization fee for mobilizing its Rig No. 6 and moving on to location at the Wiggins #1-14 well.  To date, there remains due and owing to KAL from Bankers Ltd. the approximate sum of $79,845.69 for KAL's mobilization to the Wiggins #1-14 well.  A copy of KAL invoice for the mobilization fee on the Wiggins #1-14 well is attached hereto and marked as Exhibit 9.

11. Shortly thereafter, Bankers US notified KAL that it no longer wished to drill the Wiggins #1-14 well, and requested that KAL move its Rig No. 6 to the site of the second well to be drilled under the Wiggins Drilling Contract known as the Wiggins #11-

1H well.  KAL moved its Rig No. 6 to the location of the Wiggins #11-1H well and commenced drilling on October 25, 2008.

12.  KAL fully performed its contractual obligations to Bankers US and completed the drilling of the Wiggins #11-1H well on December 21, 2008; however, Bankers US failed and refused to pay KAL in full for its unpaid invoices for the drilling of the Wiggins #11-1H well.  To date, there remains due and owing to KAL from Bankers US the approximate sum of $1,154,476.43 for services performed and/or materials provided in connection with the Wiggins #11-1H well.  Copies of KAL's invoices for the Wiggins #11-1H well are attached hereto and marked as Exhibit 10.

13.  KAL E&T also provided certain services in connection with the drilling of the Wiggins #11-1H well.  However, Bankers US has also failed and refused to pay KAL E&T in full for its unpaid invoices for the drilling of the Wiggins #11-1H well.  To date, there remains due and owing to KAL E&T from Bankers US the approximate sum of $2,354.52 for services performed and/or materials provided in connection with the Wiggins #11-1H well.  Copies of KAL E&T's invoices for the Wiggins #11-1H well are attached hereto and marked as Exhibit 11.

14.  After the Wiggins #11-1H well was drilled, but prior to the drilling of the three additional wells contemplated by the contract, Bankers US terminated the Wiggins Drilling Contract pursuant to subparagraph 6.3(b) thereof.

15.  As a result of such termination, Bankers US is obligated to pay KAL the amounts set forth in Section 6.4 of the Drilling Contract. This provision of the Wiggins Drilling Contract requires Bankers US to pay an amount equal to 5 days of the dayrate of

$16,500.00 ($82,500.00) for each of the three additional wells that were to be drilled under the Wiggins Drilling Contract. To date, there remains due and owing to KAL from Bankers Ltd. the approximate sum of $251,161.80 for Defendants' early termination of the Wiggins Drilling Contract. Copies of KAL's invoices for the early termination of the Wiggins Drilling Contract are attached hereto and marked as Exhibit 12.

## IV. FIRST CAUSE OF ACTION
### (Breach of Contract)

16. Plaintiffs incorporate by reference and restate all material allegations contained in paragraphs 1 through 15 above.

17. Bankers US has breached the referenced Drilling Contracts in failing to pay for Plaintiffs' services and materials provided in the drilling of the Allison #17-1H well; the Eggenberg #7-1H well; the Gray #22-1H well; the Wiggins #1-14 well; the Wiggins #11-1H well; and the WLC #13-1H well.

18. Plaintiffs are therefore entitled to judgment in their favor and against Bankers US in the amount $1,830,627.58, together with accruing per annum interest at the rate of forty-five percent (45%) as provided in the Drilling Contracts. Plaintiffs are also entitled to an award of a reasonable attorney fee as provided in the Drilling Contracts.

## V. SECOND CAUSE OF ACTION
### (Breach of Contract)

19. Plaintiffs incorporate by reference and restate all material allegations contained in paragraphs 1 through 18 above.

20. Bankers US has breached the Wiggins Drilling Contract by failing to pay KAL the early termination compensation as set forth in Section 6.4 of the Drilling Contract.

21. KAL is therefore entitled to judgment in its favor and against Defendants in the amount of $251,161.80, together with accruing per annum interest at the rate of forty-five percent (45%) as provided in the Drilling Contract. KAL is also entitled to an award of a reasonable attorney fee as provided in the Drilling Contract.

## VI. THIRD CAUSE OF ACTION
### (Alter Ego)

22. Plaintiffs incorporate by reference and restate all material allegations contained in paragraphs 1 through 21 above.

23. Bankers Ltd. owns Bankers US. Bankers Ltd. claims to own the oil and gas wells drilled that are the subject of this suit.

24. The interests of the Defendants are so closely related that Bankers US is the alter ego of Bankers Ltd.

25. Bankers Ltd. has used Bankers US as means to avoid debts and creditors and/or to perpetuate fraud and consequently is liable for the debts and liabilities of Banker US under the theory of alter ego.

## VII. FOURTH CAUSE OF ACTION
### (Oil and Gas Well Lien Foreclosure)

26. Plaintiffs incorporate by reference and restate all material allegations contained in paragraphs 1 through 25 above.

27. To protect their unpaid claims and as authorized by statutes of the State of Oklahoma, Plaintiffs have filed oil and gas well liens against the interest of Bankers US, Bankers Ltd. and all other mineral property owners in the Allison #17-1H well, the Gray #22-1H well, the Wiggins #1-14 well, and the Wiggins #11-1H well. Copies of Plaintiffs' oil and gas well liens are attached hereto as Exhibit 13.

28. Bankers US, Bankers Ltd., and the other working interest owners in the Allison #17-1H, the Gray #22-1H, the Wiggins #1-14, and/or the Wiggins #11-1H wells may claim some right, title, lien, estate, encumbrance, claim or assessment interest in and to the property covered by the liens, the exact nature of said claim being unknown to Plaintiffs. These interests, if any, are junior, inferior and subject to Plaintiffs' oil and gas well liens as described herein.

29. Plaintiffs are therefore entitled to judgment against Bankers US, Bankers Ltd. and all other working interest owners and an order declaring that Bankers US and Bankers Ltd.'s interests in the Allison #17-1H, the Gray #22-1H, the Wiggins #1-14, and/or the Wiggins #11-1H wells are junior, inferior and subject to Plaintiffs' oil and gas well liens as described herein.

## VIII. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs pray for:

(i) judgment against Bankers US and Bankers Ltd., in an amount to be determined at trial, for actual damages relating to Defendants' breach of the Drilling Contracts;

(ii) an order foreclosing Plaintiffs' oil and gas well liens filed against the Allison #17-1H, the Gray #22-1H, the Wiggins #1-14, and the Wiggins #11-1H wells and declaring that Bankers US and/or Bankers Ltd.'s interests in these wells are junior, inferior and subject to Plaintiffs' oil and gas well liens as described herein;

(iii) a finding that Bankers US is the alter ego of Bankers Ltd.;

(iv) Plaintiffs' costs;

(v) reasonable attorneys' fees; and

(vi) such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

s/David A. Elder
William A. Johnson, OBA No. 4730
David A. Elder, OBA No. 20687
Matthew W. Brockman, OBA No. 22077
HARTZOG CONGER CASON & NEVILLE
201 Robert S. Kerr Avenue
1600 Bank of Oklahoma Plaza
Oklahoma City, OK 73102
Telephone:   (405) 235-7000
Facsimile:   (405) 996-3403
bjohnson@hartzoglaw.com
delder@hartzoglaw.com
mbrockman@hartzoglaw.com

**ATTORNEYS FOR PLAINTIFF**

**JURY TRIAL DEMANDED**